1843.

LEAVITT
v.
BALDWIN.

LEAVITT, LORD and ROBINSON *v.* BALDWIN and another.

Where one of several complainants urges on a suit after he has taken the benefit of the bankrupt act and costs accrue, these are not recoverable out of after acquired property.

THE complainants (a firm) had become insolvent; and one of them, William Robinson, had applied for and he, eventually, took the benefit of the bankrupt act.

A motion had been made, on behalf of the defendants, that the complainants, on the ground of their insolvency, should give security for costs; this was allowed and an order entered on the fifteenth day of September one thousand eight hundred and forty-two, requiring such security and authorizing the defendants to ·apply to dismiss the bill if the same were not given ; and all proceedings on the part of the complainants were to be, in the meantime, stayed, except that the complainants were at liberty *to* proceed with the examination of witnesses for the same number of days after the service of the order that they had when the examination was suspended.

Security for costs was not given ; the bill was, therefore, dismissed, and the defendants solicitor, on or about the twenty-first day of July one thousand eight hundred and forty-three, issued a *fi. fa.* for them; and under it certain personal property, belonging to the complainant, William Robinson, was levied upon by the sheriff of New York.

It was in the month of February one thousand eight hundred and forty-two that Robinson applied in bankruptcy ; on the twenty-third day of July thereafter he had been declared a bankrupt ; and on the fifteenth ·of August thereafter he obtained his discharge under the bankrupt act.

A motion was now made to discharge the *fi. fa.*

It appeared, in opposition, that the suit had been urged on by Robinson, but his co-complainants disclaiming it. And an affidavit was read (made by the solicitor for the defendants) showing, among other things, the following:
" This deponent has carefully examined the ̦petition and

*Sept.* 13.
1843.

*Practice.
Bankrupt.
Costs.*

schedules in bankruptcy and there is not, therein, any item for the costs in this suit or for his liability for the same; nor was any notice given to the defendants to show cause against his," Robinson's " discharge. Deponent further saith that said Robinson was declared bankrupt in April, 1842; but this deponent saith that, after the said decree of bankruptcy, this suit was still prosecuted by E. W. Chester, Esquire, the solicitor of said Robinson in this suit and for the account of the said Robinson; and that the general assignee in bankruptcy, W. C. H. Waddell, Esquire, disavowed, under his official. certificate and signature, all agency or interest in the suit and refusal to have any thing to do with it. That, nevertheless, the said suit was prosecuted with the full knowledge of said Robinson, by his solicitor aforesaid. And the said Robinson, during the examination of witnesses, on the part of the complainant in this cause in July last, attended the examination, at least, once personally; and that a great part of the costs in this suit have accrued since the first decree in bankruptcy declaring said Robinson a bankrupt."

Mr. *E. W. Chester*, for the said William Robinson.

Mr. *J. B. Staples*, for the defendants and in opposition to the application to discharge the *fi. fa.* made the following points:

1. Where a party having commenced a suit, afterwards obtains a discharge under the act and then a judgment as in case of non-suit is rendered against him for not going to trial, his discharge is *no bar* to an action to recover the costs on such judgment: *Stebbins* v. *Willson*, 14 John. 403. See also *Buel* v. *Gordon*, 6 Johns. R. 126.

2. A discharge under the act of a defendant who had signed a bond as surety for a deputy sheriff, is not a good plea in bar, as the damages sustained in consequence of the breaches of the condition of the bond were not then ascertained: *Andrews* v. *Waring*, 20 John. R. 153. See 2 Wend. 248.

3. As a general rule a discharge under an insolvent law

or under the English bankrupt act does not discharge a debtor from claims that are unliquidated or entirely contingent and not capable of being ascertained, as is the present case.

1843.

LEAVITT
*v.*
BALDWIN.

THE VICE-CHANCELLOR:—The decree and discharge in bankruptcy exonerates the complainant Robinson from liability for the costs of this suit. The provisions of the bankrupt act are broader and go further towards discharging uncertain demands and contingent liabilities than our state insolvent laws.(*a*)

*Sept.* 26.

The writ of *fi. fa.* for the costs of this suit and the levy by the sheriff, so far as it affects the complainant Robinson and his goods, must, therefore, be set aside ; but, under the circumstances, without costs of this motion—each of the parties being left to bear his own costs.

Order accordingly.

(*a*) And see *Scott* v. *Ambrose*, 3 Maule & S. 326.